1   Bryan J.E. Caforio (261265)
2   bcaforio@susmangodfrey.com
    SUSMAN GODFREY L.L.P.
3   1901 Avenue of the Stars, Suite 950
    Los Angeles, CA 90067
4   Phone:      (310) 789-3100
    Fax:        (310) 789-3150
5
6   Parker C. Folse, III (*Pro Hac Vice*)
    Washington State Bar No. 24895
7   pfolse@susmangodfrey.com
    Genevieve Vose Wallace (*Pro Hac Vice*)
8   Washington State Bar No. 38422
    gwallace@susmangodfrey.com
9   Jenna G. Farleigh (288811)
    jfarleigh@susmangodfrey.com
10  SUSMAN GODFREY L.L.P.
    1201 Third Avenue, Suite 3800
11  Seattle, WA 98101
    Phone:      (206) 516-3880
12  Fax:        (206) 516-3883

13  *Attorneys for Defendant Cresta Technology*
    *Corporation*
14

15

16                  **UNITED STATES DISTRICT COURT**
                    **NORTHERN DISTRICT OF CALIFORNIA**
17                          **SAN JOSE DIVISION**

18

19  SILICON LABORATORIES INC., a Delaware
    Corporation,                                    Case No: 14-cv-03227-PSG
20
                    Plaintiff,
21
    vs.                                             **SUSMAN GODFREY, LLP'S MOTION**
22                                                  **TO WITHDRAW AS COUNSEL FOR**
                                                    **DEFENDANT CRESTA TECHNOLOGY**
    CRESTA TECHNOLOGY CORPORATION, a                **CORPORATION AND CRESTA**
23  Delaware Corporation,                           **TECHNOLOGY CORPORATION'S**
                                                    **MOTION FOR A TEMPORARY STAY**
24                  Defendant.                      **OF PROCEEDINGS**

25                                                  Date:       5/26/15
                                                    Time:       10:00 AM
26                                                  Courtroom:  5
                                                    Judge:      Hon. Paul S. Grewal
27                                                  Complaint filed: 7/16/2014

28

1

## Notice of Motion

2    PLEASE TAKE NOTICE that on Tuesday, May 26, 2015, at 10:00 AM or as soon

3 thereafter as this matter may be heard before Magistrate Judge Grewal, in Courtroom 5, 4th Floor,

4 United States Courthouse, 280 South 1st Street, San Jose, California, Bryan J.E. Caforio, Parker

5 C. Folse III, Genevieve Vose Wallace, Jenna G. Farleigh, and the firm of Susman Godfrey L.L.P.

6 ("Susman Godfrey") will and hereby does move to withdraw as counsel of record for Defendant

7 Cresta Technology Corporation ("CrestaTech"). In addition, CrestaTech moves for a thirty (30)

8 day stay of the proceedings and extension of the *Markman*-related deadlines to permit it to engage

9 substitute counsel. Despite the notice date of these motions, CrestaTech has filed an Unopposed

10 Motion to Shorten Time for Hearing of these issues and accordingly requests that this matter be

11 heard on Tuesday, May 12, at 10:00 AM. Silicon Labs does not oppose the motion to withdraw,

12 which is made pursuant to California Rule of Professional Conduct 3-700(C) and Civil Local

13 Rule 11.5(a). Silicon Labs does, however, oppose the motion for a temporary thirty day stay and

14 extension of the *Markman*-related deadlines so that CrestaTech may engage substitute counsel.

15 Good cause for withdrawal and for a stay is as follows:

16    1.    California Rule of Professional Conduct 3-700(C) permits counsel to request

17 permission to withdraw when "[t]he client knowingly and freely assents to termination of the

18 employment."

19    2.    CrestaTech knowingly and freely assents to Susman Godfrey's withdrawal as

20 counsel in this case.

21    3.    Pursuant to Local Rule 11.5(a), Susman Godfrey has provided written notice to

22 CrestaTech and all other parties who have appeared in the case.

23    4.    Until CrestaTech obtains substitute counsel, Susman Godfrey will continue to

24 receive papers for forwarding purposes pursuant to Civil Local Rule 11-5(b).

25    5.    Civil Local Rule 3-9(b) states that a "corporation, unincorporated association,

26 partnership or other such entity may appear only through a member of the bar of this Court."

27 Accordingly, if the Court grants Susman Godfrey's motion to withdraw, it should also grant the

28 motion for a temporary stay and extension of *Markman*-related deadlines to allow CrestaTech to

obtain substitute counsel in compliance with the local rules.

WHEREFORE, Bryan J.E. Caforio, Parker C. Folse III, Genevieve Vose Wallace, Jenna G. Farleigh, and the firm of Susman Godfrey L.L.P. request that they be permitted to withdraw as counsel of record for CrestaTech and that the Court grant a temporary stay of the proceedings, including an extension of the *Markman*-related deadlines, for thirty days to allow CrestaTech time to retain substitute counsel.

## **Memorandum of Points and Authorities**

### **INTRODUCTION**

Susman Godfrey, LLP ("Susman Godfrey") respectfully files this motion to withdraw as counsel of record for Cresta Technology Corporation ("CrestaTech") and for a thirty day stay of the proceedings, including the *Markman*-related deadlines, to allow CrestaTech to retain substitute counsel. Susman Godfrey has met and conferred with counsel for Silicon Labs, who does not oppose the motion to withdraw but does oppose the issuance of a temporary thirty day stay and extension of upcoming deadlines to permit CrestaTech to find substitute counsel.

### **FACTUAL ALLEGATIONS**

As set forth in the accompanying Declaration of Genevieve Vose Wallace (hereinafter "Wallace Decl."), CrestaTech and Susman Godfrey have agreed that it does not make sense for Susman Godfrey to continue representing CrestaTech in this matter. *See* Wallace Decl. ¶ 2. CrestaTech knowingly and freely assents to Susman Godfrey's withdrawal as counsel in this case. *Id.* Because CrestaTech has not yet obtained substitute counsel, Susman Godfrey will continue to receive papers for forwarding purposes pursuant to Civil Local Rule 11-5(b). *Id.* ¶ 3.

### **LEGAL STANDARD**

In the Northern District of California, the conduct of counsel, including withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California. *See Elan Transdermal Ltd. v. Cygnus Therapeutic Sys.*, 809 F. Supp. 1383, 1387 (N.D. Cal. 1992). California Rule of Professional Conduct 3-700(C) permits counsel to request permission to withdraw when "[t]he client knowingly and freely assents to termination of the employment." Although consent of the client does not control the court's decision, it is

1   persuasive where withdrawal will not result in significant prejudice and delay. *See DeLeon v.*
2   *Wells Fargo Bank, N.A.*, No. 10-CV-01390, 2010 WL 3565188, at *1 (N.D. Cal. 2010) (granting
3   motion to withdraw as counsel where client consented to withdrawal).

4          Under Civil Local Rule 11-5, "[c]ounsel may not withdraw from an action until relieved
5   by order of Court after written notice has been given reasonably in advance to the client and to all
6   other parties who have appeared in the case." Civil Local Rule 11-5(a). Further, "[w]hen
7   withdrawal by an attorney from an action is not accompanied by simultaneous appearance of
8   substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to
9   the condition that papers may continue to be served on counsel for forwarding purposes, unless
10  and until the client appears by other counsel or pro se." Civil Local Rule 11-5(b).

11                                      **ARGUMENT**

12  **I.      THE COURT SHOULD ALLOW SUSMAN GODFREY TO WITHDRAW.**

13         Courts ruling on a law firm's motion to withdraw consider (1) the reasons why withdrawal
14  is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal
15  might cause to the administration of justice; and (4) the degree to which withdrawal will delay the
16  resolution of the case. *Clancy v. Bromley Tea Company*, No. 12-cv-03003-JST, 2014 WL 212603,
17  at *2 (N.D. Cal. Jan. 17, 2014) (granting motion to withdraw).

18         In the present case, counsel for CrestaTech has conferred with the client, and CrestaTech
19  consents to the withdrawal of Susman Godfrey. *Id.* Withdrawal would not cause harm to
20  CrestaTech. This proceeding is in its early stages. And, until substitute counsel has been obtained,
21  papers can continue to be served on Susman Godfrey for forwarding purposes pursuant to Civil
22  Local Rule 11-5(b). *Id.* ¶ 4. Silicon Labs does not oppose Susman Godfrey's request to withdraw.

23  **II.     THE COURT SHOULD ISSUE A TEMPORARY STAY TO ALLOW
24          CRESTATECH TO RETAIN SUBSTITUTE COUNSEL.**

25         Courts have the power to stay proceedings as part of their inherent authority to "control
26  the disposition of the causes on its docket with economy of time and effort for itself, for counsel,
27  and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In determining
28  whether to issue a stay, courts weigh competing interests of granting and not granting a stay,

including (1) the possible damage which may result from granting a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *See id.* at 254-55.

In this matter, CrestaTech seeks a thirty day stay of the case and an extension of the *Markman*-related deadlines to allow it to obtain substitute counsel and to proceed with the mediation scheduled for May 5, 2015. *See* Dkt. 72. CrestaTech needs a stay because, should the Court grant Susman Godfrey's motion to withdraw, CrestaTech will be without counsel. Proceeding without counsel is not permitted under the Civil Local Rules. *See* Civil Local Rule 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."). In similar circumstances, this Court has granted a thirty-day stay, including the extension of upcoming deadlines, to allow a defendant to obtain new counsel. *See, e.g.*, *Pension Plan v. Yubacon Inc.*, No. C-12-04738-DMR, 2014 WL 1101659, at *1 (N.D. Cal. Mar. 18, 2014) (granting defense counsel's motion to withdraw and staying all deadlines in the case for 30 days); *see also Simpson v. McNack*, No. C-06-4837-EMC, 2009 WL 1528428, at *1 (N.D. Cal. May 29, 2009) (staying all proceedings except one deposition for 30 days to give the plaintiff "an opportunity to find counsel to represent him *and* to have that counsel make an appearance with this Court"); *Lexar Media, Inc. v. Pretec Electronics Corp.*, No. C00-04770-MJJ, 2007 WL 1170631, at *1 (N.D. Cal. April 18, 2007) (noting that the court previously granted a motion to withdraw and a temporary stay to retain substitute counsel).

Here, CrestaTech does not seek a stay that would affect the trial date. Instead, it seeks a temporary stay, including an extension of the *Markman*-related deadlines, so that claim construction is handled by CrestaTech's new law firm to ensure continuity and efficiency throughout the *Markman* proceedings. Moreover, because the case is still in its early stages, no harm would result from granting a stay.

The parties will proceed with the mediation scheduled for May 5, 2015, and Susman Godfrey will represent CrestaTech at the same, even if this motion is granted in advance of it, so there will be no delay in utilization of dispute resolution procedures. Permitting a stay may also

prevent the expenditure of unnecessary resources should the parties reach a settlement.

The deadline for the exchange of proposed terms and claim elements for construction is currently set for May 1, 2015. Dkt. 70. The exchange of preliminary claim constructions quickly follows on May 8, 2015. Dkt. 36. In order for CrestaTech to obtain substitute counsel, CrestaTech asks that the Court stay the case for thirty days and make the following deadline modifications:

- Exchange of Proposed Terms & Claim Elements for Construction . . . . June 1, 2015
- Exchange of Preliminary Claim Constructions . . . . . . . . . . . . . . . . . . June 8, 2015
- Joint Claim Construction & Prehearing Statement . . . . . . . . . . . . . . . June 17, 2015
- Exchange Expert Declarations on Claim Construction . . . . . . . . . . . . June 17, 2015
- Claim Construction Discovery Cut-Off . . . . . . . . . . . . . . . . . . . . . . . July 17, 2015
- Opening Claim Construction Brief . . . . . . . . . . . . . . . . . . . . . . . . . . . August 3, 2015
- Opposition Claim Construction Brief . . . . . . . . . . . . . . . . . . . . . . . . . August 17, 2015
- Reply Claim Construction Brief . . . . . . . . . . . . . . . . . . . . . . . . . . . . August 24, 2015
- *Markman* Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . September 4, 2015 at 10:00

AM, or at another time as the Court's calendar permits.

*See* Dkt. 36.

## CONCLUSION

For the foregoing reasons, Susman Godfrey respectfully asks the Court to grant its unopposed motion to withdraw as counsel and CrestaTech's motion for a thirty day stay of the proceedings, including an extension of *Markman*-related deadlines.

Dated:  April 24, 2015                         SUSMAN GODFREY LLP

                                               By:  /s/ *Genevieve Vose Wallace*
                                               _____
                                               BRYAN J.E. CAFORIO (261265)
                                               SUSMAN GODFREY L.L.P.

                                               PARKER C. FOLSE, III (*Pro Hac Vice*)
                                               GENEVIEVE VOSE WALLACE (*Pro Hac Vice*)
                                               JENNA G. FARLEIGH (288811)
                                               SUSMAN GODFREY L.L.P.


                                               *COUNSEL FOR CRESTA TECHNOLOGY*
                                               *CORPORATION*

**PROOF OF SERVICE**

I, the undersigned, declare:

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1901 Avenue of The Stars, Suite 950, Los Angeles, California, 90067.

On April 24th, 2015, I served the foregoing document(s) described as follows:

**MOTION TO WITHDRAW AS COUNSEL AND FOR A TEMPORARY STAY**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached service list, as follows:

BY MAIL:
_____I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Seattle, Washington in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ BY PERSONAL SERVICE:
I caused to be delivered such envelope by hand to the offices of the addressee.

_____BY FEDERAL EXPRESS OR OVERNIGHT COURIER

_____BY FAX
I served by facsimile as indicated on the attached service list.

_XX_ BY ELECTRONIC MAIL
I caused said documents to be prepared in portable document format (PDF) for e-mailing and served by electronic mail as indicated on the attached service list.

Executed on April 24th, 2015, at Los Angeles, California.

_____(State)  I declare under penalty of perjury under the laws of the State of Washington that the above is true and correct.

_XX_ (Federal)  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.


_Laura E. Quenzel_____            _____
(Type or Print Name)                              (Signature)

1

## SERVICE LIST

| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANTS |
|---|---|
| **Robert Dawson** (81790) <br> robert.dawson@nortonrosefulbright.com <br> NORTON ROSE FULBRIGHT US LLP <br> 555 South Flower Street, 41st Floor <br> Los Angeles, CA 90071 <br> Telephone: (213) 892-9200 <br> Facsimile: (213) 892-9494 <br><br> **Marc B. Collier** (*Pro Hac Vice*) <br> marc.collier@nortonrosefulbright.com <br> **Gilbert A. Greene** (*Pro Hac Vice*) <br> bert.greene@nortonrosefulbright.com <br> **Eric J. Wendler** (*Pro Hac Vice*) <br> eric.wendler@nortonrosefulbright.com <br> **James Hughes** (*Pro Hac Vice*) <br> james.hughes@nortonrosefulbright.com <br> **James G. Warriner** (*Pro Hac Vice*) <br> jim.warriner@nortonrosefulbright.com <br> NORTON ROSE FULBRIGHT US LLP <br> 98 San Jacinto Blvd., Suite 1100 <br> Austin, TX 78701 <br> Telephone: (512) 474-5201 <br> Facsimile: (512) 536-4598 | **Bryan J.E Caforio** (261265) <br> bcaforio@susmangodfrey.com <br> SUSMAN GODFREY L.L.P. <br> 1901 Avenue of the Stars, Suite 950 <br> Los Angeles, CA 90067 <br> Phone:  (310) 789-3100 <br> Fax:      (310) 789-3150 <br><br> **Parker C. Folse, III** (*Pro Hac Vice*) <br> pfolse@susmangodfrey.com <br> **Genevieve Vose Wallace** (*Pro Hac Vice*) <br> gwallace@susmangodfrey.com <br> **Jenna G. Farleigh** (288811) <br> jfarleigh@susmangodfrey.com <br> SUSMAN GODFREY L.L.P. <br> 1201 Third Avenue, Suite 3800 <br> Seattle, WA 98101 <br> Phone:  (206) 516-3880 <br> Fax:      (206) 516-3883 |

2