UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| SILICON LABORATORIES INC., | ) | Case No. 5:14-cv-03227-PSG |
|---|---|---|
| Plaintiff, | ) | **CLAIM CONSTRUCTION ORDER** |
| v. | ) | |
| CRESTA TECHNOLOGY CORPORATION, | ) | |
| Defendant. | ) | |

Plaintiff Silicon Laboratories Inc. claims that Defendant Cresta Technology Corporation infringes U.S. Patent Nos. 6,308,055, 6,965,761, 7,353,011, 6,304,146, 6,137,372 and 6,233,441. Consistent with Pat. L.R. 4-3(c), the parties seek construction of terms and phrases in claims in the patents-in-suit.[1] The parties appeared for a hearing on the matters at hand earlier today. To avoid unnecessary delay, at this time the court proceeds to issue its constructions without its full reasoning and analysis:

| PATENT NOS. | CLAIM TERM/PHRASE | CONSTRUCTION |
|---|---|---|
| '146, '372 | "single integrated circuit" | "contained in a single circuit with" |
| '441 | "integrated within" | "contained in a single circuit with" |

---

[1] *See* Docket No. 85.

1

Case Nos. 5:14-cv-03227-PSG
CLAIM CONSTRUCTION ORDER

| Patent | Term | Construction |
|---|---|---|
| '441 | "weighted with respect to each other" / "weighted capacitances with respect to each other" | "the capacitances associated with the plurality of capacitor circuits are different from each other and weighted based on a mixed-radix weighting scheme" |
| '372, '441 | "frequency synthesizer" | "a circuit producing one or more signals at frequencies that are different from a single input frequency, based on a reference frequency" |
| '372 | "wireless communication system" | "a system allowing for at least one-way wireless communication" |
| '441 | "the output frequency varying as a capacitance" | plain and ordinary meaning |
| '441 | "switches are MOS transistors" | "each switch is a MOS transistor" |
| '146 | "frequency band(s)" | plain and ordinary meaning |

Cresta also argues that the term "relatively linear circuit behavior," which appears in Claims 1 and 11 of the '372 Patent, is indefinite under the standard the Supreme Court defined in *Nautilus, Inc. v. Biosig Instruments, Inc.*[2] The court reserves decision on this issue unless and until it hears any motion for summary judgment on the issue that Cresta elects to file.

In addition to the terms above, both parties present arguments for construction of the term "non-varactor diode," which appears in Claims 1 and 23 of the '761 Patent. However, when the parties identified the terms they considered to be most important to the resolution of the case, pursuant to Pat. L.R. 4-3(c), neither party chose this claim term.[3] The court therefore declines to construe the term at this time. If the parties later find that construction of this term is critical to the case, the court will construe it then.

The parties should rest assured that the court arrived at these constructions with a full appreciation of not only the relevant intrinsic and extrinsic evidence, but also the Federal Circuit's teaching in *Phillips v. AWH Corp.*,[4] and its progeny. So that the parties may pursue whatever recourse they believe is necessary, a complete opinion will issue before entry of any judgment.

---

[2] 134 S. Ct. 2120 (2014).

[3] *See* Docket No. 85 at 2-3.

[4] 415 F.3d 1303, 1312-15 (Fed. Cir. 2005).

**IT IS SO ORDERED.**

Dated: September 4, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge