**NORTON ROSE FULBRIGHT US LLP**
ROBERT M. DAWSON (81790)
555 South Flower Street,
Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
robert.dawson@nortonrosefulbright.com

MARC B. COLLIER (*pro hac vice*)
GILBERT A. GREENE (*pro hac vice*)
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701
Telephone: (512) 474-5201
Facsimile: (512) 536-4598
bert.greene@ nortonrosefulbright.com
marc.collier@ nortonrosefulbright.com

Attorneys for Plaintiff
SILICON LABORATORIES INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SILICON LABORATORIES INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CRESTA TECHNOLOGY CORPORATION, a Delaware Corporation,<br><br>Defendant. | Civil Action No. 14-cv-03227-PSG<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS INVALIDITY CONTENTIONS PURSUANT TO PATENT LOCAL RULE 3-6**<br><br>Date: December 15, 2015<br>Time: 10:00 a.m.<br>Courtroom: 5, 4th Floor<br>Judge: Honorable Paul S. Grewal |

Plaintiff Silicon Laboratories, Inc. ("Silicon Labs") respectfully files this Opposition to Defendant Cresta Technology Corporation ("CrestaTech")'s Motion for Leave to Amend its Invalidity Contentions Pursuant to Patent Local Rule 3-6, and would show the Court as follows:

## I. Introduction

CrestaTech asserts that "in light of the Court's claim constructions . . . it must supplement its arguments for double-patenting and obviousness."[1] Mot. [#117] at 5. CrestaTech seeks leave to add an entirely new defense: non-statutory double-patenting, and in support cites three patents. In addition, CrestaTech seeks to add new indefiniteness arguments as to six terms in the asserted patents, none of which were construed in the Claim Construction Order.

CrestaTech's motion is devoid of any good cause for either amendment. While noting that the Local Rules include contrary claim construction rulings by the Court as a potential basis for granting leave to amend invalidity contentions, CrestaTech fails to cite a single specific claim construction ruling that necessitates its proposed amendments. Nor does CrestaTech provide any explanation for how the proposed amendments relate to the Court's claim construction order. CrestaTech seems to assert that an adverse claim construction order, in a vacuum without any linkage to how that order necessitated amendment, constitutes good cause for asserting new invalidity defenses. Further, CrestaTech is inaccurate when it states it must "*supplement* its arguments for double-patenting" as there are no such prior arguments to supplement. In fact, CrestaTech's Preliminary Invalidity Contentions made no mention of double-patenting—nor has CrestaTech even attempted to show how a double-patenting defense arose out of the Claim Construction Order.

---

[1] The reference to "obviousness" is curious, because CrestaTech does not indicate what, if any, new or revised obviousness theories it wishes to pursue. To the extent this reference is a request to add an obviousness contention, it should be denied for same reasons as the other proposed amendments.

## II. Legal Standard

Local Patent Rule 3-6 allows amendment of invalidity contentions "only by order of the Court upon a timely showing of good cause," "absent undue prejudice to the non-moving party." Patent L.R. 3-6. Rule 3-6 provides a non-exhaustive list of circumstances constituting good cause (absent prejudice), including "[a] claim construction by the Court different from that proposed by the party seeking amendment." *Id.* 3-6(a).

"However, the Court's differing claim construction 'in and of itself does not constitute good cause,' and the moving party must still establish its diligence." *Verinata Health, Inc. v. Sequenom, Inc.*, No. C 12-00865 SI, 2014 WL 789197, at *2 (N.D. Cal. Feb. 26, 2014) (quoting *Sunpower Corp. Sys. v. Sunlink Corp.*, 2009 U.S. Dist. LEXIS 85425, at *3 (N.D. Cal. June 12, 2009)). Accordingly, the Court has declined to find a "broad right to amend after [claim] construction." *See Apple Inc. v. Samsung Elecs. Co. Ltd.*, 12-CV-0630-LHK PSG, 2013 WL 3246094, at *5 (N.D. Cal. June 26, 2013) (regarding amendment of infringement contentions, the standard for which is identical to the standard for amendment of invalidity contentions):

> The decision by the court to adopt a particular construction gives rise to good cause not because the construction happens to be different but because that difference is material to a party's theory of infringement. Because those theories are reflected in the contentions, amendment of the contentions to address the material difference in the claim construction is appropriate. But to the extent that a theory of infringement falls within the party's proffered construction and also falls within the court's construction, the difference is not material and does not provide good cause to amend the contentions.

*Id.*

"'[G]ood cause' requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) (discussing the Northern District of California's Patent Local Rules). "[T]he diligence required for

a showing of good cause has two phases: (1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. 11-cv-2226-SI, 2013 WL 322556 at *2 (N.D. Cal. Jan. 28, 2013).

The moving party bears the burden of establishing diligence. *O2 Micro*, 467 F.3d at 1366. Where the moving party is unable to show diligence, there is "no need to consider the question of prejudice," *id.* at 1368, although a court in its discretion may elect to do so, *Dynetix Design Solutions Inc. v. Synopsys Inc.*, No. CV 11–05973-PSG, 2012 WL 6019898, at *1 (N.D. Cal. Dec. 3, 2012).

A court in this District has explained the purpose behind Rule 3-6 as follows:

> The patent local rules were adopted by this district in order to give claim charts more "bite." The rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed. . . . Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the "shifting sands" approach to claim construction.

*LG Elecs. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002) (*quoting Atmel Corp. v. Info. Storage Devices, Inc.*, No. 95-cv-1987-FMS, 1998 WL 775115, at *2 (N.D. Cal. Nov. 5,1998)).

## III. Discussion

CrestaTech has failed to meet its burden of establishing good cause. It has failed to meet its burden to establish diligence in discovering the basis for the amendments, or in seeking an amendment once the basis was discovered. Silicon Labs will address each in turn. Finally, Silicon Labs would be prejudiced by the proposed amendments.

### *A. No Good Cause Exists as CrestaTech Does Not Show a Linkage Between the Claim Construction Order and the Attempted Amendment*

Where good cause is claimed based on the court adopting claim constructions contrary to those proposed by the movant, the movant must link the proposed

amendments to the court's specific rulings. *See Apple Inc.*, 2013 WL 3246094, at *5; *Verinata Health, Inc.*, 2014 WL 789197, at *2. In doing so, the movant must demonstrate that the Court's contrary ruling is material to the movant's theory of invalidity. *See id.* Here, CrestaTech has not even attempted to make such a showing. CrestaTech does not identify a single basis on which the Court could conclude there are material differences between the Court's claim constructions, and CrestaTech's original theories of invalidity. *See id.* Indeed, CrestaTech fails to even indicate which specific claim constructions it believes necessitate amendment.

The Court discussed an example of this sort of linkage showing in *Apple*:

> At claim construction, [movant] argued for a broad definition of "zone specific storage and interface device" that would encompass mobile devices. Judge Koh rejected that construction and found that the mobile device itself could not generate the "zone" as [movant] appeared to assert. The construction precludes literal infringement by mobile devices that do not "reside in an area," a theory that [movant] initially asserted. The difference therefore is material and provides good cause for [movant]'s addition of the descriptor "reside in a specific location," which serves to tailor the theories to the claim construction order.

*Apple Inc.*, 2013 WL 3246094, at *6. Good cause was shown by identifying a specific construction adopted by the Court, and showing that the construction precluded the movant's prior theory underlying its contentions. *Id.* There is no such showing here.

Similarly, the Court has noted that amending to add a new defense was warranted where the defendant demonstrated that it previously did not assert the defense because its proposed construction of a claim term would render the defense inapplicable. *Ancora Techs., Inc. v. Apple Inc.*, No. 11-cv-06357-YGR, 2015 WL 5728042, at *2 (N.D. Cal. Sept. 30, 2015):

> [D]efendant's initial contentions posited that the patent-in-suit was obvious in light of the '678 Patent. At the time, defendant purportedly did not assert anticipation because it believed a single limitation of the

> patent-in-suit—the "program" limitation—was not covered by the '678 Patent. This was apparently due to defendant's position that the patent-in-suit's "program" term should be limited to "software applications." Thus, it would not be fully anticipated by the operating system initialization process addressed in the '678 Patent. . . . [T]he Federal Circuit ultimately held otherwise, finding the term "program" was not so limited.
>
> . . .
>
> These developments would, in the exercise of diligence, warrant leave to amend.

*Id.* at 3–4. Here, by contrast, CrestaTech does not identify a single claim construction by the Court that supports its purported need to amend. It does not because it cannot.

Specifically, CrestaTech's amended invalidity contentions assert indefiniteness arguments against five new claim terms,[2] and also include additional indefiniteness arguments as to one term, "relatively linear circuit behavior," found in the '372 Patent. None of the five new terms were construed by the Court in its Claim Construction Order, and CrestaTech has not identified how the terms the Court did construe necessitate the new contentions. *See* Claim Construction Order [#113] at 1–2.

Regarding the final new indefiniteness argument, CrestaTech seeks to assert new reasons why the term the term "relatively linear circuit behavior" is indefinite. However, CrestaTech already raised the issue of indefiniteness in its claim construction briefing and the Court specifically ***declined*** to construe that term, reserving the decision for summary judgment. *Id.* at 3. Simply put, the claim

---

[2] '011 Patent: "fine tuning," "finely tune."
'441 Patent: "capacitor circuits . . . have different [weighted] capacitances."
'441 Patent: "wherein at the capacitor circuits have different capacitances."
'441 Patent: "the capacitors within the plurality of capacitor circuits."
'441 Patent: "capacitance associated with the capacitor circuit."
Ex. 1 to Def.'s Motion for Leave to Amend [#117-2] at 9–11.

construction order added nothing "new" on the indefiniteness issue as to this term.

In short, CrestaTech simply shows no linkage to or any basis within the Court's Claim Construction Order for the proposed Amendments.[3] *See Verinata Health, Inc.*, 2014 WL 789197, at *2 (noting that movant, whose claim constructions were rejected by the Court, "failed to state that it is these particular constructions that necessitate amending its invalidity contentions").

CrestaTech's interpretation of the Local Rules would make the requirement early in the case to crystalize infringement and invalidity contentions a dead letter. As CrestaTech attempts to apply the rule here, any adverse ruling from the Court on even a single claim term would give either party a carte blanche to amend all of its contentions—regardless of whether the term in question relates to the proposed amendments. In the majority of cases, that interpretation would mean both sides could freely amend their contentions, given how seldom it is that one side will win on every single claim term.

### *B. Even Assuming CrestaTech Had Shown the Required Linkage, CrestaTech Failed to Demonstrate Diligence*

Nor has CrestaTech acted diligently in seeking to amend. Given that the proposed amendments are untethered from any specific construction, how can CrestaTech have been diligent? Yet, even assuming arguendo that somehow

---

[3] In fact, the only specific arguments (i.e., other than string cites of the relevant law) that CrestaTech makes in its motion are related to the issue of prejudice. Specifically, CrestaTech argues it gave notice to Silicon Labs by including the new indefiniteness contentions in the September 29 expert report of Mihai Murgulescu, and by providing a copy of the proposed amendments to Silicon Labs on October 21. Def.'s Motion for Leave to Amend [#117] at 5. Such arguments get CrestaTech nowhere: notice does not cure a lack of diligence in seeking to amend. *Parr Pharm. Inc. v. Takeda Pharm. Co., Ltd.*, No. 13-cv-01927-LHK-PSG, 2014 WL 3704819, at *3 n.31 (N.D. Cal. July 23, 2014); *see also Horus Vision, LLC v. Applied Ballistics, LLC*, No. 13-cv-05460-BLF, 2014 WL 6895572, at *3 (N.D. Cal. Dec. 5, 2014). Indeed, this proves the point—CrestaTech certainly knew of these arguments in September 2015 (at the latest), when preparing Mr. Murgulescu's report—but failed to file its motion for leave until November 2, 2015.

CrestaTech has shown the required linkage, it was not diligent in requesting leave to amend.

CrestaTech could have asserted the new indefiniteness and double-patenting arguments just as easily on March 16, 2015, when it served its Preliminary Invalidity Contentions. It could have asserted the new arguments on May 8, 2015, when Silicon Labs served its Patent L.R. 4-2 disclosures, proposing most of the claim terms the Court ultimately adopted. It could have sought to amend on August 3, 2015, when Silicon Labs again urged its preferred constructions in the opening *Markman* brief. It could have sought leave to amend immediately after the Court's Claim Construction Order of September 4, 2015. CrestaTech could have amended in September, while it was preparing Mr. Murgulescu's September 29, 2015 expert report.[4] Instead, CrestaTech waited until ***November 2, 2015*** to file its motion for leave. CrestaTech offers no explanation for why it could not have raised its new invalidity theories months ago.

CrestaTech does not even attempt to explain why it waited almost ***six months*** after Silicon Lab's claim construction disclosures and two months after the Claim Construction Order to seek finally seek leave to amend. This failure to show diligence is fatal to its motion for leave. *See O2 Micro*, 467 F.3d at 1366 (finding three month delay not diligent); *Verinata Health, Inc.*, 2014 WL 789197, at *3 (delay of less than three months not diligent); *Trans Video Electronics, Ltd. v. Sony Electronics, Inc.*, 278 F.R.D. 505, 508 (N.D. Cal. 2011) (finding four month delay not diligent).

*Verinata* is particularly on point. There, as here, the Court adopted certain of the non-movant's claim constructions. The movant then sought leave to amend under Patent L.R. 3-6, and argued the adverse claim construction rulings were good

[4] CrestaTech simultaneously purported to rely on this report, but declined to include it as an exhibit to its motion. Silicon Labs attaches Mr. Murgulescu's September 29 report herein as Exhibit A.

cause. *Verinata Health, Inc.*, 2014 WL 789197, at *3. However, the movant waited "almost three months" after the claim construction order, and therefore was not diligent, "particularly in light of the fact that [movant] knew of the constructions at issue for over a year," as they had been stated in the non-movant's proposed claim constructions. *Id.* Here, CrestaTech has been aware of most of the adverse constructions adopted by the Court since Silicon Labs proposed them in its Pat. L.R. 4-2 claim construction disclosure, served on May 8, 2015.

*C. Silicon Labs would be Prejudiced by the Amendments*

Finally, Silicon Labs would be prejudiced by the amendments for two reasons. First, expert discovery closes this week, on November 20, 2015.[5] There is no time left to investigate the amendments (premised on three separate patents, as well as six new indefiniteness arguments), and then formulate and pursue any necessary expert discovery on those arguments.

Indeed, although CrestaTech's expert, Mihai Murgulescu, purported to give an opinion on double patenting, his expert report only lists the legal standard, and contains no factual basis or explanation for any such defense. *See generally* Ex. A. Worse, Mr. Murgulescu unabashedly stated his intention to testify at trial as to double-patenting and the new invalidity contentions, in spite of his and CrestaTech's failure to disclose the new arguments in his expert report:

> Q [T]his report . . . is this the entirety of your opinion on these matters?
>
> A No.
>
> Q If it's not the entirety of your opinion, what other opinions are you going to be offering on these matters?
>
> A Well so, I have formed opinions concerning the invalidity of the -- at least some of the six asserted patents, ***based on the ground***

---

[5] CrestaTech's counsel asked, and Silicon Labs has allowed as a professional courtesy based on CrestaTech's counsel's out-of-the-country travel, that while expert discovery remains closed on November 20, 2015, CrestaTech will depose Silicon Labs' experts the week of December 6, 2015.

***of invalidity I did not address in my report.***

Q Why did you not address that in your report?

A I did not address that in my report because -- because of my errors. ***So I forgot, at that time, I had other things to do*** . . .

. . .

Q Okay. So for that double patenting opinion, are you planning to provide testimony on that opinion if this case ends up going into court?

A Yes, I am.

Q And just to recap, that opinion is not in this expert report in front of you?

A It is not.

. . .

Q Okay. And that term "finely tune," that does not appear in your expert report; correct?

A Correct.

Q But you will plan to provide such an opinion if this proceeding reaches court; is that correct?

A That is correct.

Ex. B, Transcript Excerpts of Depo. of Mihai Murgulescu, at 23:18–24:12; 25:6–12; 26:24–27:4. This failure to disclose the new invalidity theories is in spite of the fact that Mr. Murgulescu claims to have "used all of" the Court's claim constructions in preparing his expert report. *Id.* at 29:9–15.

Moreover, not only did Mr. Murgulescu "forget" to discuss these topics in his expert report, the "other things" he had "to do" have apparently prevented him from ***ever*** even attempting to supplement his September 29, 2015 report on these topics. Today, November 16, 2015, Silicon Labs took the second and final expert deposition of Mr. Murgulescu—no amendment to his report was even proffered in these topics. Stated another way, not only was Silicon Labs prejudiced by CrestaTech's failure to seek leave to amend to include new invalidity contentions, CrestaTech did not even mitigate this prejudice by providing timely (or even

untimely) expert testimony in support of these contentions.

The dispositive motions deadline is less than a month away and the *Daubert* and trial deadlines are looming. It is not consistent with this Court's rules to allow CrestaTech to belatedly disclose these new defenses, to not seek timely leave to amend, and to not provide complete expert testimony in support of these defenses. Allowing an amendment without good cause at this late date would constitute the very "shifting sands" the Patent Local Rules are intended to prevent. *LG Elecs. Inc.*, 211 F.R.D. at 367.

## IV. Conclusion

For all of the forgoing reasons, Silicon Labs respectfully asks that CrestaTech's Motion for Leave to Amend Its Invalidity Contentions be denied, including all double-patenting and invalidity arguments (both obviousness and indefiniteness) that were not included in its original Invalidity Contentions, served on March 16, 2015.

Dated: November 16, 2015

NORTON ROSE FULBRIGHT US LLP

By */s/ Marc B. Collier*
MARC B. COLLIER
Attorney for Plaintiff
SILICON LABORATORIES INC.

## CERTIFICATE OF SERVICE

I hereby certify on this 16th day of November, 2015 that a copy of the foregoing was filed electronically through the Court's CM/ECF system, with notice of case activity automatically generated and sent electronically to all parties.

Date: November 16, 2015

*/s/ Marc B. Collier*
Marc B. Collier

**NORTON ROSE FULBRIGHT US LLP**
ROBERT M. DAWSON (81790)
555 South Flower Street,
Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
robert.dawson@nortonrosefulbright.com

MARC B. COLLIER (*pro hac vice*)
GILBERT A. GREENE (*pro hac vice*)
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701
Telephone: (512) 474-5201
Facsimile: (512) 536-4598
bert.greene@ nortonrosefulbright.com
marc.collier@ nortonrosefulbright.com

Attorneys for Plaintiff
SILICON LABORATORIES INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SILICON LABORATORIES INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CRESTA TECHNOLOGY CORPORATION, a Delaware Corporation,<br><br>Defendant. | Civil Action No. 14-cv-03227-PSG<br><br>**PROPOSED ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS INVALIDITY CONTENTIONS PURSUANT TO PATENT LOCAL RULE 3-6**<br><br>Judge: Honorable Paul S. Grewal |

Having considered Defendant Cresta Technology Corporation's Motion for Leave to Amend its Invalidity Contentions Pursuant to Local Patent Rule 3-6, the Court hereby orders as follows:

**IT IS HEREBY ORDERED** that Defendant Cresta Technology Corporation's Motion for Leave to Amend its Invalidity Contentions Pursuant to Local Patent Rule 3-6 is DENIED, including all double-patenting and invalidity arguments (both obviousness and indefiniteness) that were not included in its original Invalidity Contentions, served on March 16, 2015.

Dated: ___________________

_______________________
Hon. Paul S. Grewal
United States Magistrate Judge