UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILICON LABORATORIES, INC.,<br><br>    Plaintiff,<br><br>        v.<br><br>CRESTA TECHNOLOGY CORPORATION,<br><br>    Defendant. | Case No. 14-cv-03227-PSG<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED INVALIDITY CONTENTIONS**<br><br>**(Re: Docket No. 117)** |

Months after the court issued its claim construction order,[1] Defendant Cresta Technology Corporation moves for leave to amend its invalidity contentions.[2] The new contentions raise additional arguments about indefiniteness and double patenting.[3] Plaintiff Silicon Laboratories, Inc. objects that there is no good cause for the amendments under Pat. L.R. 3-6 and that allowing them would unduly prejudice Silicon Labs.[4] For the reasons set forth below, CrestaTech's motion is DENIED.

To establish good cause for the amendments, CrestaTech cites the court's claim construction ruling. Although an adverse claim construction can give rise to good cause,[5] it does

---

[1] *See* Docket No. 113.

[2] *See* Docket No. 117.

[3] *See* Docket No. 117-1.

[4] *See* Docket No. 124; Docket No. 135.

[5] *See* Pat. L.R. 3-6(a).

1
Case No. 14-cv-03227-PSG
ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED INVALIDITY CONTENTIONS

so "not because the construction happens to be different but because that difference is material to a party's theory of [invalidity.]"[6] A party cannot show good cause merely by pointing to the court's decision to reject a construction the party would have preferred. When "a theory of [invalidity] falls within the party's proffered construction and also falls within the court's construction, the difference is not material and does not provide good cause to amend the contentions" to add the new theory.[7] Furthermore, "'good cause' requires a showing of diligence."[8]

The proposed amendments do not meet these standards. Only one of CrestaTech's new indefiniteness contentions relates to a claim limitation presented to the court for construction.[9] But the court's decision with respect to that term—to "reserve[] decision" whether the term is indefinite[10]—does not in itself create good cause for amendment. The argument is even weaker for the terms that the court never construed. As for the double patenting contentions, CrestaTech does not explain, other than in the most general terms, why the defense was unavailable before the court adopted Silicon Labs' proposed construction for the limitations at issue.[11] CrestaTech also fails to explain its delay in filing this motion. CrestaTech first included these defenses in the expert report it served on October 1, nearly a month after the court issued its claim construction rulings. CrestaTech provided amended contentions to Silicon Labs only on October 21, and it

---

[6] *Apple Inc. v. Samsung Elecs. Co. Ltd.*, Case No. 12-cv-00630, 2013 WL 3246094, at *5 (N.D. Cal. June 26, 2013); *see also Genentech, Inc. v. Univ. of Penn.*, Case No. 10-cv-02037, 2011 WL 3204579, at *2 (N.D. Cal. July 27, 2011).

[7] *Apple*, 2013 WL 3246094, at *5.

[8] *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) (interpreting the local patent rules of this district).

[9] *See* Docket No. 113 at 2 (declining to construe the claim term "relatively linear circuit behavior"); Docket No. 117-2 at 10-11 (contending that the limitation "relatively linear circuit behavior" in several claims is indefinite).

[10] Docket No. 113 at 2.

[11] *See* Docket No. 130 at 3-4.

then waited until November 2 to seek the court's leave for the amendments. CrestaTech has not shown the required diligence.

The "undue prejudice to the non-moving party"[12] provides an independent ground for denying CrestaTech's motion. Expert discovery has long since closed, the parties already have submitted their motions for summary judgment[13] and trial is only months away. At this late stage, the prejudice to Silicon Labs would be substantial.

**SO ORDERED.**

Dated: December 21, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[12] Pat. L.R. 3-6.

[13] *See* Docket Nos. 140-3, 144-3, 146-20.

3

Case No. 14-cv-03227-PSG
ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED INVALIDITY CONTENTIONS