UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILICON LABORATORIES, INC., <br> Plaintiff, <br> v. <br> CRESTA TECHNOLOGY CORPORATION, <br> Defendant. | Case No. 14-cv-03227-PSG <br><br> **ORDER DENYING MOTION TO WITHDRAW AS COUNSEL** <br><br> **(Re: Docket No. 171)** |

For the second time in less than a year, counsel for Defendant Cresta Technology Corporation seeks the court's permission to withdraw.[1] CrestaTech's first set of lawyers moved to withdraw in May 2015, with the consent of their client.[2] Over Plaintiff Silicon Laboratories, Inc.'s objection, the court granted the request and extended certain case deadlines.[3] However, the court warned CrestaTech that "we are going to go forward with this schedule" and "[t]here will be no further delays."[4] CrestaTech's new counsel entered the fray on June 17[5] and promptly sought to extend deadlines for discovery.[6] The court denied the request.[7]

---

[1] *See* Docket No. 171; *see also* Docket No. 75.

[2] *See* Docket No. 75.

[3] *See* Docket No. 80.

[4] Docket No. 82 at 12:23-24.

[5] *See* Docket No. 84.

[6] *See* Docket No. 94.

[7] *See* Docket No. 98.

1
Case No. 14-cv-03227-PSG
ORDER DENYING MOTION TO WITHDRAW AS COUNSEL

Now, less than two months from trial,[8] CrestaTech's attorneys again ask the court to open the escape hatch.[9] They also move to stay proceedings while CrestaTech finds new counsel. This time, justifiably concerned about the difficulty of finding new representation at this late date, CrestaTech does not consent to the withdrawal.[10] Nevertheless, CrestaTech's counsel claims that it cannot continue and must mandatorily withdraw.

The California Rules of Professional Conduct govern whether and how attorneys may withdraw from representing their clients.[11] The grounds for mandatory withdrawal are extremely limited and include only a client's bringing a harassing or malicious lawsuit, imminent violation of ethical rules or the lawyer's mental or physical impairment.[12] An attorney can request the court's permission to withdraw, however, for a broader set of reasons, including the unreasonable difficulty of representation, breach of a fee agreement or "other good cause for withdrawal," among others.[13] "The court has discretion to grant or deny a motion to withdraw, and it can exercise that discretion, and decide to deny such a motion, 'where such withdrawal would work an injustice or cause undue delay in the proceeding.'"[14]

Today, both client and counsel appeared at an ex parte hearing to explain the reasons for the motion to withdraw.[15] The court finds that none of the circumstances justifying mandatory

---

[8] Trial is scheduled for March 28, 2016. *See* Docket No. 36.

[9] *See* Docket No. 171.

[10] *See* Docket No. 171-1 at ¶ 7.

[11] *See Nehad v. Mukasey*, 535 F.3d 962, 970-71 (9th Cir. 2008).

[12] *See* Cal. Rules of Prof'l Conduct 3-700(B).

[13] *Id.* 3-700(C).

[14] *Adams v. City of Hayward*, Case No. 14-cv-05482-KAW, 2015 WL 5316124, at *1 (N.D. Cal. Sept. 11, 2015) (quoting *Gong v. City of Alameda*, Case No. 03-cv-05495-TEH, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008)).

[15] *See* Docket No. 188.

withdrawal applies here.  Further, in light of the impending trial date and its earlier promises, the court is not inclined to stay proceedings at this late stage, and allowing CrestaTech's counsel to depart the case would leave CrestaTech in an untenable position.  All in all, granting the motion to withdraw would necessarily either "work an injustice or cause undue delay in the proceeding."[16]  The motion is DENIED.

**SO ORDERED.**

Dated: January 29, 2016

                                                      _____
PAUL S. GREWAL
United States Magistrate Judge

---

[16] *Adams*, 2015 WL 5316124, at *1 (quoting *Gong*, 2008 WL 160964, at *1).

Case No. 14-cv-03227-PSG
ORDER DENYING MOTION TO WITHDRAW AS COUNSEL