1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    SILICON LABORATORIES, INC.,              Case No. 14-cv-03227-PSG

8                   Plaintiff,                **ORDER DENYING DEFENDANT'S**
                                              **MOTION FOR SUMMARY JUDGMENT**
9          v.                                 **AS TO INDEFINITENESS**

10   CRESTA TECHNOLOGY                        **(Re:  Docket No. 146-20)**
     CORPORATION,
11
                    Defendant.
12

13          Sometimes new standards matter.  In *Dow Chemical Co. v. Nova Chemicals Corp.*

14   *(Canada)*, the Federal Circuit held that the very same claims it had previously held "not

15   indefinite" were indefinite after the Supreme Court announced a new definiteness standard in

16   *Nautilus, Inc. v. Biosig Instruments, Inc.*[1]

17          Sometimes, as in this case, they don't.  Whatever the definiteness of claims 1 and 11 of the

18   '372 patent pre-*Nautilus* under the then-applicable "insolubly ambiguous" standard, post-*Nautilus*

19   they clearly do "inform, with reasonable certainty, those in the art about the scope of the

20   invention."[2]  As such, the claims do not violate 35 U.S.C. § 112 ¶ 2.

21          Defendant Cresta Technology Corporation's motion for summary judgment of

22   indefiniteness[3] is DENIED.

23   _____

24   [1] *See* 803 F.3d 620, 630-35 (Fed. Cir. 2015) (citing *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134
     S. Ct. 2120 (2014)).

25
     [2] *Nautilus*, 134 S. Ct. at 2124.
26
     [3] *See* Docket No. 146-20.
27
                                                     1
28   Case No. 14-cv-03227-PSG
     ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO
     INDEFINITENESS

**I.**

Section 112 para. 2 of Title 35 provides that "[t]he specification [of a U.S. patent] shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention."  Indefiniteness is a question of law.[4]  In *Nautilus*, the Supreme Court held that the Federal Circuit's previous "insolubly ambiguous" standard for evaluating definiteness[5] was contrary to the statute and announced a new standard. Under the new standard, "a patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention."[6]  Put another way, when "a skilled artisan would understand the inherent parameters of the invention as provided in the intrinsic evidence," a claim is not indefinite.[7]

Among its claims in this suit, Plaintiff Silicon Laboratories, Inc. charges CrestaTech with infringement of United States Patent No. 6,137,372.  Claims 1 and 11, the asserted claims of the patent, cover various methods for operating a wireless communication system with two capacitance circuits.  The gist of these claims is the synthesis of high-frequency signals "by implementing a phase-locked loop (PLL) frequency synthesizer with a variable capacitance voltage controlled oscillator (VCO) in conjunction with a continuously variable capacitance."[8]  Claim 1 is illustrative:

> A method for operating a wireless communication system, comprising:
>> receiving an input signal;
>> generating a mixing signal having a frequency dependent upon a
>>> capacitance provided by a first and a second capacitance

---

[4] *See Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 789 F.3d 1335, 1341 (Fed. Cir. 2015).

[5] *E.g.*, *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1376 (Fed. Cir. 2001).

[6] *Nautilus*, 134 S.Ct. at 2124.

[7] *Biosig Instruments, Inc. v. Nautilus, Inc.*, 783 F.3d 1374, 1384 (Fed. Cir. 2015).

[8] Docket No. 145-1 at col. 5:32-36.

2

Case No. 14-cv-03227-PSG
ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO INDEFINITENESS

United States District Court
Northern District of California

circuits within a single integrated circuit;

tuning the mixing signal frequency for the mixing signal to within a selected amount of a desired mixing signal frequency by adjusting a capacitance amount for the first capacitance circuit;

further tuning the mixing signal frequency to the desired mixing signal frequency for the mixing signal by adjusting the capacitance amount for the second capacitance circuit; and

combining the mixing signal with the input signal to produce an output signal at a desired frequency,

wherein the further tuning step comprises adjusting a control signal to adjust the capacitance amount for the second capacitance circuit;

wherein the capacitance amount for the second capacitance circuit comprises a plurality of continuous capacitance values, and wherein the control signal comprises a plurality of variable control signals and wherein a relatively linear circuit behavior for the second capacitance circuit is achieved over a selected frequency range.[9]

Like Claim 1, Claim 11 also requires achieving a "relatively linear" circuit behavior for the second capacitance circuit over a selected frequency range.[10]

During the claim construction hearing, the court shared its concern about the definiteness of this term, and invited CrestaTech to bring a motion on this issue.[11]  CrestaTech now argues that the disputed claims are indefinite because they fail to teach a person having ordinary skill in the art how exactly to determine whether the circuit behavior of interest is "relatively linear."

## II.

This court has jurisdiction under 28 U.S.C. §§ 1331 and 1338.  The parties further consent to the jurisdiction of the undersigned under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[12]

## III.

Pursuant to Fed. R. Civ. P. 56(a), summary judgment is appropriate when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of

---

[9] *Id.* at col. 31:24-50.

[10] *Id.* at col. 32:37-40.

[11] *See* Docket No. 113 at 2; Docket No. 106 at 129:21-130:3.

[12] *See* Docket Nos. 21, 22.

United States District Court
Northern District of California

3

Case No. 14-cv-03227-PSG
ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO INDEFINITENESS

United States District Court
Northern District of California

1    law."  Material facts are those that may affect the outcome of the case.[13]  A dispute as to a material

2    fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the

3    non-moving party.[14]  All evidence must be viewed in the light most favorable to the non-moving

4    party.  At this stage, a court "does not assess credibility or weigh the evidence, but simply

5    determines whether there is a genuine factual issue for trial."[15]  Initially, the moving party bears

6    the burden to show that no genuine issue of material fact exists.[16]  If this burden is met, the burden

7    shifts to the non-moving party.[17]  Applying these standards to CrestaTech's challenge to the

8    definiteness of Claims 1 and 11 of the '372 patent, CrestaTech's challenge falls short.

9          CrestaTech protests mightily that even after reading the specification and prosecution

10   history, a skilled artisan has no idea whether and when the circuit behavior of the second

11   capacitance circuit may be said to be relatively linear over a selected frequency range.  But

12   Column 29 of the patent confirms that the relatively linear circuit behavior of a single capacitance

13   circuit is nonlinear and therefore does not fit the bill:  "[e]ach individual capacitance circuit has a

14   nonlinear relationship between the phase of $f_{OUT}$ and the resulting capacitance of the one

15   capacitance circuit."[18]  And it goes on to explain that as you add capacitance circuits to the mix,

16   you get a more linear or "relatively linear" relationship as compared to before.  "[U]tilizing a

17   plurality of capacitance circuits controlled with voltages generated according to the techniques

18   described above yields a relatively linear relationship between the phase and the total capacitance

19

20   [13] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that
     may affect the outcome of the suit under governing law will properly preclude the entry of

21   summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted.").

22   [14] *See id.*

23   [15] *House v. Bell*, 547 U.S. 518, 559-60 (2006).

24   [16] *See Celotex Corp. v. Caltrett*, 477 U.S. 317, 323-24 (1986).

25   [17] *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n,* 809 F.2d 630, 630 (9th Cir. 1987).

26   [18] Docket No. 145-1 at col. 29:18-20.

27                                                    4

28   Case No. 14-cv-03227-PSG
     ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO
     INDEFINITENESS

$C_A$.  The ability to obtain a relatively linear relationship . . . may be seen with reference to FIGS 26-32."[19]  What is key, and ultimately dispositive, is that this disclosure teaches exactly what to do to achieve this desired relative linearity: use a plurality of capacitance circuits.

Plurality in this setting plainly means two or more.  If there were any doubt, elsewhere the specification teaches that "the use of multiple individual capacitance circuits . . . provides a substantially linear circuit, with linearity improving as more circuits are utilized" so as to "provide a relatively linear relationship."[20]  And so the ordinarily skilled artisan has her instructions on how to practice—and not practice—the claimed method.  Use two or more capacitance circuits, and you're in.  Use one, and you're out.  All of this is revealed in the intrinsic record of the specification; no extrinsic evidence is required.

CrestaTech argues that the figures, specifically Figures 29 and 30, teach "two methods" of relative linearity, leaving the skilled artisan to guess what exactly is the relatively linear relationship that is required.[21]  But as Silicon Labs correctly notes, rather than two methods, the relative linearity shown in these figures reflects a single method:  using two or more capacitance circuits.  This stands in contrast to the possibility of multiple methods for determining slope in *Dow Chemical* that gave the Federal Circuit pause.[22]

CrestaTech also incorrectly claims that the specification does not teach the part of the curve where linearity is to be measured.[23]  But the specification clearly states that "the transfer function of the PLL is relatively linear over the *desired frequency range*."[24]  The specification

---

[19] *Id.* at col. 29:21-27.

[20] *Id.* at col. 29:48-60.

[21] Docket No. 146-20 at 16.

[22] *See* 803 F.3d at 633-34.

[23] *See* Docket No. 146-20 at 16.

[24] Docket No. 145-1 at col. 30:37-39 (emphasis added).

Case No. 14-cv-03227-PSG
ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO INDEFINITENESS

United States District Court
Northern District of California

further discloses that "[t]he continuously variable capacitance ($C_A$) . . . needs only to vary enough to cover the frequency range between the [discrete] steps available," which is "the capacitance range of the analog fine tuning control."[25]  In fact, Figure 31 of the '372 patent explicitly discloses a "preferred operating region," shown to be approximately between t=23 and t=85.[26]  Any nonlinearity exhibited below t=10 and above t=100 is therefore irrelevant to providing "relatively linear" behavior over the desired frequency range taught by the specification.

A final point.  CrestaTech separately challenges the definiteness of other terms in other asserted patents, such as "fine tuning" in United States Patent No. 7,353,011 and "capacitance associated with the capacitor circuit" in Claims 18 and 30 of United States Patent No. 6,233,441.  But even if a subset of these other terms were challenged as indefinite in CrestaTech's invalidity contentions, others were not, and the court specifically denied CrestaTech leave to amend its invalidity contentions to add these new challenges.[27]  The challenges that CrestaTech did disclose were later abandoned when CrestaTech proposed constructions for the terms in the Joint Claim Construction Statement.[28]  As this court has previously explained,[29] the disclosure requirements of this district's patent local rules are not optional, and the failure to consistently and clearly articulate a party's invalidity challenges without justification at each demarcated step dooms any effort to revive them later in the case.

---

[25] *Id.* at col. 13:14-17, 29:56-57.

[26] *Id.* at fig. 31.

[27] *See* Docket No. 157.

[28] *See* Docket No. 90-1.

[29] *See Good Tech. Corp. v. MobileIron, Inc.*, Case No. 12-cv-05826, 2015 WL 3866019 (N.D. Cal. May 4, 2015).

Case No. 14-cv-03227-PSG
ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO INDEFINITENESS

1    **SO ORDERED.**

2    Dated: March 1, 2016

3                                              _____
                                              PAUL S. GREWAL
4                                              United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                         7

United States District Court
Northern District of California